IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NAN JIANG<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Department<br>of Homeland Security, et al.<br><br>　　　　Defendants. | Civil Action No. 07-786-JJF |

## ANSWER TO COMPLAINT

COME NOW, defendants, Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services; Evelyn Upchurch, Director, Texas Service Center, U.S. Citizenship and Immigration Services and Robert Muller, Director, Federal Bureau of Investigation, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Patricia C. Hannigan, Assistant United States Attorney for the District of Delaware, and answer plaintiff's Complaint state as follows:

### ALLEGATION

1. Paragraph 1 sets forth a statement of the claims asserted herein and requires no answer; however defendant denies that the delay is unreasonable.

### PARTIES

2. Admitted.

3. Defendants admit that the party named in paragraph 3 is properly named, but Defendant denies all remaining miscellaneous allegations set forth in this paragraph

1

4. Defendants admit that the party named in paragraph 4 is properly named, but Defendant denies all remaining miscellaneous allegations set forth in this paragraph.

5. Defendant denies that the party named in paragraph 5 is a proper party as this individual no longer holds the office alleged. Defendant denies all remaining miscellaneous allegations set forth in these paragraphs.

6. Defendants admit that the party named in paragraph 6 is properly named, but Defendant denies all remaining miscellaneous allegations set forth in this paragraph

**JURISDICTION**

7. Paragraph 7 sets forth plaintiff's legal theories of jurisdiction, no answer is required. But to the extent an answer is deemed necessary, it is denied.

**VENUE**

8. Admitted.

**EXHAUSTION OF REMEDIES**

9. Denied.

**CAUSE OF ACTION**

10. Defendant admits Plaintiff filed anI-485, application to adjust status with the USCIS on May 5, 2005.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied for lack of sufficient information to justify a belief.

15. Defendant admits that plaintiff attached a letter from the Federal Bureau of Investigation (FBI) which states that "your request was received from the United States Citizenship and

Immigration Services, and that it has been processed and finalized". Defendant denies that all security checks have been finalized. Further defendant denies that petitioners are eligible to receive Visas and/or that they are admissible to the U.S for permanent residence at this time.

16. Denied for lack of sufficient information to justify a belief

17. Admitted.

18. Denied for lack of sufficient information to justify a belief.

19. Defendant admits that Exhibit F is a postal receipt showing a letter mailed to the Texas Service Center and receipt of such letter. Defendant denies all remaining miscellaneous allegations set forth in these paragraphs.

20. Denied for lack of sufficient information to justify a belief.

21. In response to paragraph 21 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

22. In response to paragraph 22 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

23. In response to paragraph 23 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

24. In response to paragraph 24 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

25. In response to paragraph 25 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

26. Defendant admits that it has been 30 months since Plaintiff filed their I-485 application. Defendants deny the remainder of the allegations. Further defendant denies that petitioners are eligible to receive Visas and/or that they are admissible to the U.S for permanent residence at this time.

27. In response to paragraph 27 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

28. Denied

29. In response to paragraph 29 defendant alleges that this paragraph avers a legal argument and conclusion that falls within the province of the court, and no answer is required. To the extent that an answer is required said allegations are denied.

**PRAYER**

30. No answer is required, but denied in case an answer is deemed necessary.

**AFFIRMATIVE DEFENSES**

Defendants aver that the Federal District Court lacks jurisdiction to adjudicate petitioner's claims, that petitioners have failed to exhaust all other remedies, and that adjudication of this matter

without all National Security screening measures having been completed violates the rights of American Citizens.

                        Respectfully submitted,

                        COLM F. CONNOLLY
                        United States Attorney

                        By: /s/Patricia C. Hannigan
                            Patricia C. Hannigan
                            Assistant United States Attorney
                            Delaware Bar I.D. No. 2145
                            The Nemours Bldg.
                            1007 Orange Street, Suite 700
                            P. O. Box 2046
                            Wilmington, Delaware 19899-2046
                            Patricia.Hannigan@usdoj.gov
                            (302) 573-6277

Dated: February 7, 2008

# Declaration of Genize Walker

Case 1:07-cv-00786-JJF   Document 10-2   Filed 02/07/2008   Page 1 of 5

UNITED STATES DISTRICT COURT
District of Delaware

| | |
|---|---|
| Nan Jiang, A 98 737 603    Plaintiff,<br><br>v.<br><br>Michael Chertoff, Department of Homeland Security, et. Al<br><br>Defendants. | Civ. Act. Number: 07-786 |

## DECLARATION

I, Genize Walker, pursuant to 28 U.S.C. § 1746, hereby declare:

1.  I am currently employed as the Supervisory Adjudications Officer at the Texas Service Center of U.S. Citizenship and Immigration Services (USCIS), an agency within the U.S. Department of Homeland Security (DHS). The Texas Service Center (TSC) is located in Dallas, Texas.

2.  My current duties include the supervision of the adjudication of applications and petitions for immigration benefits. The subject matter of this declaration involves my official duties as a Supervisory Adjudications Officer.

4.  In my capacity as Supervisory Adjudication Officer and based on my knowledge of the management of the Texas Service Center, information contained in the USCIS administrative file for and information supplied to me I have been delegated the authority to make declarations about the status of the Plaintiff's application and implement the procedures for processing background security investigations.

5.  There are five USCIS regional Service or Benefit Centers throughout the United States, each of which has jurisdiction over certain applications and petitions filed by persons or companies within its respective geographic jurisdiction, and/or exclusive nationwide jurisdiction over other types of applications. These Centers adjudicate cases on a mail-in basis only; they do not conduct in-person interviews. Employment-based adjustment of status cases like Plaintiff's are handled at the Nebraska and Texas Service

Centers. TSC processes many type of applications/petitions that do not require personal interviews and anticipates annual receipts of about 800,000 with about 700,000 anticipated completions. The TSC receives roughly 6,000 pieces of mail a day, sends out a corresponding amount, and has about 2,000,000 active files.

6. The Plaintiff Nan Jiang A 98 737 603 filed an I-485 on May 5, 2005. The goal of the I-485 filing is to obtain lawful permanent resident ("green card") status for Plaintiff and any qualified dependent spouse or child through Plaintiff's employment. By statute, only about 140,000 aliens can get green cards through employment-based categories during each fiscal year, with percentage limits set per country and preference category. These visa numbers are tracked and issued by the Department of State. There is often a needed to further develop the information needed for an I-485 application before it is ready for consideration.

7. It is the applicant's burden to show they are eligible for adjustment of status. In determining this, Center Adjudications Officers (CAO), under authority delegated by the Director, independently evaluate and weigh the sometimes voluminous and complex evidence and statements an applicant submits. CAO's may request additional evidence, make discretionary factual determinations and resolve any conflicts in the evidence. Additionally CAO's review Policy Statements, U.S CIS Procedural Manuals, the Foreign Affairs Manual of the Department of State, the Immigration and Nationality Act (INA) and other legal sources. CAO's then draft a proposed written decision for the Director of the TSC that is consistent with precedent, policy, factual determinations, and the exercise of the Directors discretion. The decision to approve an adjustment of status application involves national security, social, political and foreign policy considerations and determines when, how, and under what conditions foreign nationals are to be allowed to remain within the United States. The proposed decisions of Center Adjudications officers are subject to internal review before the Director accepts it. I-485's can be reconsidered upon motion or it can be renewed before an immigration judge during removal proceedings.

8. General requirements for employment-based adjustment of status applications are that the alien is the beneficiary of an approved I-140 visa petition (or whose spouse is such a beneficiary), is in lawful immigration status on the date the Form I-485 is filed, has a visa number immediately available under the annual per-country and preference category quota, and is not inadmissible to the United States under listed statutory grounds that include health-related, criminal, and national security provisions.

9. When an applicant applies for adjustment of status, USCIS conducts several forms of security checks to ensure that the alien is eligible for the immigration benefit and is not a risk to national security or public safety. In addition to records checks against DHS's own immigration systems, these security checks currently include: (a) a Federal Bureau of Investigation (FBI) fingerprint check for relevant criminal history records on the applicant (e.g., arrests and convictions); (b) a check against the DHS-managed Interagency Border Inspection System (IBIS), which contains records and "watch list" information from more than twenty federal agencies and which includes, but

is not limited to, information related to persons who are wanted or under investigation for serious crimes or suspected of terrorism-related activity; and (c) an FBI name check, which runs the alien's name against investigative and other databases of the FBI containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS. The three types of security checks described above sometimes raise issues impacting an applicant's eligibility for the benefit sought from USCIS. In those cases, USCIS must conduct further inquiry to resolve any outstanding issues. USCIS cannot proceed to adjudicate an adjustment of status application until all security checks have been completed, and until any and all issues that arise from those checks have been resolved.

10. Following the terrorist attacks of September 11, 2001, the need to conduct more rigorous and thorough security checks on aliens who are seeking immigration status in the United States has required procedures that result in certain individuals not receiving their documents and benefits as quickly as in the past. If any of the various security checks reveals derogatory information on the applicant or beneficiary, those applicants typically experience a longer adjudication time.

11. USCIS receives an average of 6 million immigration applications and petitions per year. The requirement to conduct security checks in such a large number of cases, frequently on both applicants and beneficiaries, has severely tested the abilities of the law enforcement agencies to provide timely responses and of USCIS to issue decesions on applications and petitions promptly.

12. In many cases, adverse information related to an applicant or beneficiary that is obtained through a security check requires further inquiry by USCIS (sometimes referred to as "vetting"), including outreach to the originating agency to determine whether the information is relevant to eligibility for the requested immigration benefit or may lead to other information bearing on eligibility. The complete background check process includes the security checks but is not limited to those checks. USCIS frequently must take additional steps to fully assess an applicant's background, such as an interview or re-interview of an applicant and/or beneficiary or others, a written request for additional information, or a field investigation. The background checks are not considered complete until USCIS conducts a comprehensive review of any identified criminal or national security issues and any such issues are resolved. USCIS then completes the adjudication, issues its decision and takes any further action deemed appropriate under the circumstances.

13. Following the receipt of the security check responses, the subsequent need for USCIS to analyze the responses, make further inquiries if needed, and consider any relevant implications for the pending adjudications has also placed enormous pressures on the adjudicative capacities of USCIS. Although only a small percentage of the security checks results in adverse information of a national security or public safety nature, because of the large number of applications filed each year, a significant number result in national security or public safety hits requiring intensive review.

14. USCIS received a response to the FBI fingerprint checks on or around June 15, 2005. USCIS submitted the name check request to the FBI on or around May 12, 2005. USCIS received a response from the FBI name check unit on or around August 8, 2006. USCIS is reviewing the information received from the security checks relating to the Plaintiff to determine if they are eligible for the benefit of lawful permanent residence. The information received to date requires further inquiry and review. Therefore, the background check process for the plaintiff thus is not yet complete. USCIS is making every effort to promptly adjudicate Plaintiff's adjustment of status application.

I declare under penalty of perjury, that the foregoing is true and correct.

2-4-08
Date

Genize Walker,
Supervisory Adjudication Officer
Texas Service Center

## **CERTIFICATE OF SERVICE**

      I, Maureen R. Davis, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on **February 7, 2008**, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using CM/ECF. Notification of such filing will be mailed via United States First Class Mail, postage prepaid to the following non registered participant(s):

**Nan Jiang**
171 Thorn Lane
Apartment 12
Newark, DE 19711
*PRO SE*

                                                         /s/Maureen R. Davis
                                                         Maureen R. Davis
                                                         Legal Assistant
                                                         Office of the United States Attorney
                                                         1007 Orange Street, Suite 700
                                                         P. O. Box 2046
                                                         Wilmington, DE 19899-2046
                                                         (302) 573-6277
                                                         Maureen.Davis@usdoj.gov