IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NAN JIANG,                          :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :  Civil Action No. 07-786-JJF
                                    :
MICHAEL CHERTOFF, Secretary         :
Department of Homeland              :
Security, et al.,                   :
                                    :
        Defendant.                  :

Nan Jiang, Pro Se Plaintiff.

Colm F. Connolly, Esquire, United States Attorney, and Patricia C. Hannigan, Esquire, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware. Attorneys for Defendants.

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Defendants' Motion To Dismiss (D.I. 11). For the reasons discussed, Defendants' Motion will be granted.

## I. BACKGROUND

Plaintiff filed this action against Defendants, Michael Chertoff, Emilio T. Gonzalez, Evelyn Upchurch and Robert Muller requesting the Court to compel Defendants to act upon Plaintiff's I-485 application for permanent residency. Since the filing of Plaintiff's Complaint, the Office of the United States Citizenship and Immigration Service ("USCIS") has denied her I-485 application on the grounds that Plaintiff has left the country and abandoned the application. Thereafter, Defendants filed the instant Motion requesting dismissal of Plaintiff's Complaint.

Plaintiff failed to respond to Defendants' Motion and the Court issued an Order requiring Plaintiff to file a response. To date, Plaintiff has failed to comply with the Court's Order.

## II. DISCUSSION

Pursuant to Article III of the United States Constitution, the Court's jurisdiction is limited to "cases and controversies." U.S. Const. Art. III § 2. Flast v. Cohen, 392 U.S. 83, 94 (1968). "When the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the

1

outcome, the case becomes moot and the court no longer has subject matter jurisdiction." Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004) (citations omitted).

In this case, Plaintiff requests the Court to compel Defendants to adjudicate her I-485 application; however, such adjudication has been completed by the USCIS. Accordingly, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint. See, e.g., Sawad v. Frazier, 2008 WL 1819089 (D. Minn. 2008) (dismissing action seeking adjudication of I-485 application as moot after USCIS denied application).

### III. CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion To Dismiss.

An appropriate Order will be entered.

2